**STATE ex CADMAN, Relator, v. NOLAN et, Respondents.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1026.   Decided June 30, 1949.

James S. Kimble, Samuel Freifield, Steubenville, for relator.
Robert L. Smith, City Solicitor, Steubenville, for respondents.

### OPINION

By BUCKLEY, J.

This is an original action in mandamus, and was submitted to the court upon an agreed statement of facts, as hereinafter set forth, and the briefs of the relator and the respondents.

The facts as agreed upon between the parties, and as submitted to this court, are as follows:  The relator, Harold Cadman, is a resident of the City of Steubenville; and on the 15th day of April, 1947, was appointed as a patrolman in the Police Department of Steubenville, after having successfully

passed a civil service examination. After having served one year as a Patrolman, as required by law, Cadman, the relator herein, on the 9th day of June, 1948, took a competitive examination for the position of Sergeant in the Police Department of the City of Steubenville. As the result of the examination one Samuel Baker and the relator, Cadman, successfully passed said promotional examination, and their names were placed on an eligibility list of two persons eligible to be promoted to the position of Sergeant.

About the first day of July, 1948, a vacancy in the position of Sergeant occurred in the department, and the Director of Public Safety of the City of Steubenville, in accordance with the statutes of the State of Ohio, requested a certification from the Civil Service Commission to fill such vacancy, and the Civil Service Commission certified the name of Samuel Baker as having the highest grade on the promotional eligibility list. The said Samuel Baker was duly appointed as Sergeant; and the eligibility list for future promotions was thereby reduced from two to one, the one name remaining on said list being that of relator, Harold Cadman.

On the 1st day of January, 1949, another vacancy occurred in the position of Sergeant in the Police Department. The Director of Public Safety notified the Civil Service Commission that a vacancy had occurred in the position of Sergeant, and requested the Civil Service Commission to certify from the promotional eligibility list a person for the position of Sergeant in the Police Department.

On the 15th day of February, 1949, the Chairman of the Civil Service Commission notified the Director of Public Safety that there was only one name on the eligibility list for the position of Sergeant; and that, in accordance with the opinion of the City Solicitor, the Civil Service Commission could not certify anyone for said position until a new eligibility list was established containing at least three names. The Civil Service Commission issued notice that an examination would be held, and pursuant to said notice the Civil Service Commission conducted a second examination and established a new eligibility list. On the 30th day of March, 1949, the respondent, Civil Service Commission, certified to the Director of Public Safety, the appointing authority, a name from the new eligibiliy list as having made the highest grade in the second promotional examination.

It is admitted that at the time the second vacancy for the office of sergeant occurred the eligibility list created as a result of the examination on the 9th day of June, 1948, was less than one year old.

The relator, Harold Cadman, brings this action in mandamus to require the Civil Service Commission to certify his name to the Director of Public Safety, inasmuch as he was the only person on the eligibility list qualified for the appointment.

The relator claims that the act of the Civil Service Commission in holding a second examination for the office of sergeant was wholly without foundation in law inasmuch as the eligibility list established on June 15, 1948, was less than one year old and contained the name of a qualified person for the vacancy occurring about January 1, 1949.

The questions raised in this action in mandamus were answered in the case of State of Ohio, ex rel. Andrew S. Yash, v. Charles R. Orf, et al, (case number 3242 in the Court of Appeals of Mahoning County). This case was heard by the Court of Appeals of the Third District sitting in Mahoning County on special assignment. In that case the court held: "that the eligible list for promotion to position of Captain of Police of the City of Struthers, Ohio, resulting from the promotional competitive Civil Service Examination held in the month of September, 1946, did not, under the provisions of §486-12 GC, expire until September, 1948", two years later; and that "there is no provision of law requiring that more than one name appear on an eligible list for promotion". The court held further that the relator-appellee, Andrew S. Yash, was entitled to be certified for promotion from an eligible list, which at the time of the vacancy contained only the name of the said Yash. The distinguished court of the Third Appellate Distrist also held that "under the provisions of §486-15A GC, promotional examinations are required only where there is no eligible list for promotion".

This leads us to the inevitable conclusion that once a civil service eligibility list for promotion is established by competitive examination said list must be followed for a period of two years so long as any name appears thereon as eligible for the promotion.

To arrive at any other conclusion would mean that an eligible list was without significance as the Civil Service Commission is bound to certify for promotional appointment the name of that person having the highest grade, and the appointing power is required to certify and appoint such candidate so certified as being, at the time, head of the eligibility list. It would be a peculiar miscarriage of justice to permit a name on the eligible list to be disregarded within the two year period. For example, in the present action,

under the admitted facts only two names appeared as eligible for promotion on the list established by examination in June of 1948. If it was necessary to have three persons qualify by examination then the list should never have been established. However the list was established with the two successful candidates thereon, and in the first vacancy, the top name on the list, that of one Samuel Baker, was certified to the Director of Public Safety for appointment and the appointment was made. Since this appointment was made from the list of two, then within the remainder of the two year period any subsequent vacancy should have been filled by the person remaining on the established eligibility list. The name of that person is the name of the relator herein, Harold Cadman; and such name should have been certified to the Director of Public Safety for appointment to the position of sergeant.

The respondents rely upon the case of **State, ex rel. Chapman v. Lesser,** reported in **volume 94 Ohio State Reports page 387.** In this case a chief of the fire department was discharged for cause, and later a competitive examination was held by the Civil Service Commission of the City of Jackson. One Edward Chapman was the person receiving the highest grade on the examination, and his name was certified to the Director of Public Safety, who therewith appointed him as chief of the fire department.

The discharged fire chief, one Frederick W. Bertsch, later filed a motion before the civil service commission to set aside the first finding of the commission and to be reinstated as fire chief. The civil service commission rescinded its first finding and ordered Bertsch to be reinstated as fire chief. Chapman brought an action in mandamus to require the director of public safety to continue him as the validly appointed and regularly acting chief of the fire department. In this case, cited by the respondents, the Civil Service Commission of the City of Steubenville and the Director of Public Safety of said city, it is to be noted on page 400 the court states as follows:—

"It is undoubtedly the duty of the civil service commission to certify a list containing the names of at least three persons eligible to appointment. where that number of persons have taken the examination and received the minimum grade fixed by the commission, and it is perhaps true that the appointing authority may demand that three names shall be certified to it upon an eligible list before it is required to make an appointment, even if further examinations are necessary

to be held in order to secure such a list, yet it is not necessary to the validity of an appointment to require such a list to be certified."

As appears in the case of Chapman v. Lesser an eligible list of only one name was established and the name of that person, Chapman, was certified to the mayor for appointment, and the appointment was made.

From these findings by the supreme court of Ohio it is a necessary conclusion that in promotional examinations an eligible list of less than three may be established by the civil service commission either as the result of candidates for promotion not receiving the minimum grade required or that the number of candidates taking the examination may not exceed two.

It is the conclusion of this court, therefore, that since an eligibility list for promotion to the office of sergeant was established as a result of examination and consisted only of two persons, that list, within the two year period of its effectiveness, should have been followed so long as the list contained the name of a successful candidate.

It is therefore the judgment of this court that the relator, Harold Cadman, is entitled to the relief sought, and that a preemptory writ of mandamus be and is hereby issued from this court to require the respondents, The Civil Service Commission of the City of Steubenville, to certify to the Director of Public Safety of the City of Steubenville, the appointing authority, the name of Harold Cadman for promotion to the office of Sergeant of the Police Department of said city.

It is further ordered, adjudged and decreed that the costs in this proceedings be and hereby are charged against the respondents, the Civil Service Commission and the Director of Public Safety of the City of Steubenville.

PHILLIPS, PJ, NICHOLS, J, concur.